I3FOIL, Judge.
On December 28,1994, the State of Louisiana, Secretary of Department of Revenue and Taxation, filed a petition against Mobil Oil Corporation, seeking to collect taxes on Mobil’s use of refinery gas and coke-on-eata-lyst, two by-products of the oil refining process. In May of 1995, Mobil filed a petition for a declaratory judgment and injunctive relief against the Department of Revenue, challenging the valuation upon which the Department sought to tax the by-products. In each of the eases, the parties filed motions for summary judgment on the issue of the appropriate valuation of refinery gas for use tax purposes.
Pursuant to La.R.S. 47:302A, a use tax is levied on the use and consumption of property based on the “cost price” of the property. La.R.S. 47:301(3)(a) defines the “cost price” as the actual cost of the item or the reasonable market value, whichever is less. At the time the use taxes in this litigation were incurred by Mobil, La.R.S. 47:305D(l)(h) specifically stated that the value of refinery gas shall based on a 52 cent formula. The parties stipulated that Mobil paid taxes on its use of refinery gas in accordance with the formula set forth in La.R.S. 47:305D(l)(h). The parties further stipulated that during the time in question, the actual cost of refinery gas was higher than the La.R.S. 47:305D(l)(h) formula.
The only issue before the trial court on the motions for summary judgment was whether Mobil’s use of refinery gas should be taxed on the basis of the cost price of refinery gas or the 52 cent formula set forth in La.R.S. 47:305D(l)(h). The Department of Revenue argued that La.R.S. 47:305D(l)(h), located under the heading “exclusions and exemptions from the tax,” was an exemption from *1068 the use tax which had been suspended by the Legislature on various occasions, and therefore, the provision did not establish the proper valuation for refinery gas. Instead, the Department urged, the tax on refinery gas should be calculated on the basis of the true cost price of the gas. Mobil, on the other hand, argued that La.R.S. 47:305D(l)(h) was a valuation ^provision, not an exemption, and it set forth the appropriate formula for determining the taxable value of its use of refinery gas.[1]
The trial court entered summary judgment favor of Mobil, finding that La.R.S. 47:305D(l)(h) was not an exemption from taxation. Ultimately, the trial court held that La.R.S. 47:305D(l)(h) set forth the appropriate formula for calculating Mobil’s tax liability on the use of refinery gas.
The Department of Revenue filed this appeal, urging four assignments of error which collectively challenge the trial court’s determination that La.R.S. 47:305D(1)(h) is not an exemption from taxation. While this appeal was pending in this court, we granted a motion filed by the Department of Revenue to continue the case until after the Louisiana Supreme Court issued a ruling in the consolidated cases of State v. BP Exploration & Oil, Inc., 686 So.2d 823 (La.1997), and State v. Star Enterprise, 686 So.2d 823 (La.1997). The Department submitted that the issues raised in the instant appeal would be resolved by the Supreme Court in those two cases.
On January 14, 1997, the Supreme Court handed down its decision in State v. BP Exploration & Oil, Inc., 96-0716 (La. 1/14/97); 686 So.2d 823 and State v. Star Enterprise, 96-2218 (La. 1/14/97); 686 So.2d 823. In both cases, the Court was asked to determine whether La.R.S. 47:305D(l)(h) was an exemption from taxation which was suspended by the legislature, or whether it established the appropriate formula for calculating the tax owed by two oil refineries on their use of refinery gas.
In State v. BP Exploration, 686 So.2d at 829, the Supreme Court specifically held that La.R.S. 47:305D(l)(h) is not an exemption from taxation, but instead is a valuation provision which establishes a formula for computing the value of refinery gas. The Court held that tax on the use of refinery gas is to be calculated according to the formula set forth in La.R.S. 47:305D(l)(h).
|5In the instant case, the trial court rejected the Department of Revenue’s argument that La.R.S. 47:305D(l)(h) established an exemption from taxation, and held that it provides the appropriate formula for valuing the use tax owed by Mobil. Because the Supreme Court resolved the identical issue presented in this appeal with respect to valuation of refinery gas for use tax purposes, we affirm the trial court’s determination that La.R.S. 47:305D(l)(h) sets the value at which refinery gas may be taxed. Accordingly, the trial court was correct in granting partial summary judgment in favor of Mobil. The case is remanded to the trial court for proceedings not inconsistent with this opinion.
PARTIAL MOTION FOR SUMMARY JUDGMENT AFFIRMED; CASE REMANDED.

. While this case was pending, the Legislature enacted Act 29 of 1996, which deleted the valuation provision formerly contained in La.R.S. 47:305D(l)(h), and moved that valuation provision to the definitional section of the tax law. La.R.S. 301(3)(f) now provides the "cost price” of refinery gas shall be determined on the basis of the 52 cent formula. Section 3 of Act 29 states that the changes are to be applied prospectively only, and shall not affect any lawsuits arising prior to the July 2, 1996 effective date of the Act.